# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF ALABAMA
# NORTHERN DIVISION

| | |
|---|---|
| **LARRY JAMES ADAMS,** | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Civil Action No. 2:06-cv-00753-CSC |
| | ) |
| **METROPOLITAN LIFE** | ) |
| **INSURANCE CO. and LISA DAVIS,** | ) |
| | ) |
| Defendants. | ) |

## ANSWER

Defendant Metropolitan Life Insurance Company ("MetLife") answers Plaintiff's Complaint as follows:

1. MetLife admits that it is an insurance company organized under the laws of the state of New York, does business in the state of Alabama, and has a registered agent in Alabama and that Lisa Davis is a MetLife agent. Otherwise, MetLife is without sufficient information to admit or deny the allegations in paragraph 1 of the Complaint.

2. MetLife admits that it does business in Lowndes County, Alabama. Otherwise, MetLife is without sufficient information to admit or deny the allegations in paragraph 2 of the Complaint.

3.      MetLife admits that Plaintiff enrolled in group life insurance. Otherwise, MetLife denies the allegations of paragraph 3 of the Complaint.

4.      Denied.

5.      MetLife admits that Plaintiff signed the enrollment form and had premiums deducted and that a claim was submitted for Plaintiff's aunt as his child, which MetLife denied. Otherwise, MetLife denies the allegations of paragraph 5 of the Complaint.

6.      Denied.

7.      MetLife denies that Plaintiff is entitled to any judgment or to any damages in this action.

8.      Denied.

9.      MetLife denies that Plaintiff is entitled to any judgment or to any damages in this action.

10.     Denied.

11.     MetLife denies that Plaintiff is entitled to any judgment or to any damages in this action.

12.     Denied.

13.     MetLife denies that Plaintiff is entitled to any judgment or to any damages in this action.

## FIRST DEFENSE

Plaintiff's Complaint fails to state a claim against MetLife upon which relief can be granted by this Court.

## SECOND DEFENSE

Each count of Plaintiff's Complaint fails to state a claim against MetLife upon which relief can be granted.

## THIRD DEFENSE

MetLife denies that Plaintiff is entitled to extra-contractual damages in this action.

## FOURTH DEFENSE

In order to preserve these defenses, the claims asserted by Plaintiff against MetLife are barred by latches or other applicable doctrines of timeliness or statutes of limitation.

## FIFTH DEFENSE

MetLife pleads the general issue.

## SIXTH DEFENSE

Plaintiff has failed to meet all conditions precedent to an award of benefits under the subject certificate of insurance.

### SEVENTH DEFENSE

Some or all of the damages claimed by Plaintiff are barred by the terms and conditions of the subject certificate of insurance issued by MetLife.

### EIGHTH DEFENSE

MetLife contests the injuries and damages alleged in Plaintiff's Complaint and therefore demands strict proof of any alleged injury or damage.

### NINTH DEFENSE

MetLife states that it is not indebted or liable to the Plaintiff in any manner or amount whatsoever.

### TENTH DEFENSE

Plaintiff has not been damaged by any conduct on the part of MetLife.

### ELEVENTH DEFENSE

MetLife denies that it has breached any contract with the Plaintiff, whether express or implied.

## TWELFTH DEFENSE

Plaintiff is not entitled to the insurance benefits claimed of MetLife because the subject death was excluded from coverage by one or more of the exclusions found in the certificate of insurance.

## THIRTEENTH DEFENSE

To the extent Plaintiff makes a claim for punitive damages against MetLife in this action:

1. No act or omission of MetLife was malicious, willful, wanton outrageous, or attended by actual malice, and Plaintiff's Complaint fails to state a claim upon which relief can be granted for punitive damages.

2. Any claim for punitive damages against MetLife would violate its rights under the Fifth, Sixth, Seventh, Eighth, and Fourteenth Amendments to the Constitution of the United States; Article 1, Sections 1, 2, 6, 11, 13, 15, 27, and 35 of the Alabama Constitution.

3. Plaintiff cannot recover punitive damages against MetLife because such an award, which is penal in nature, would violate it's constitutional rights under the Alabama Constitution and the United States Constitution unless it is afforded the same procedural safeguards as are criminal defendants, including, but not limited to, the right to avoid self incrimination, the right to forego production

and disclosure of incriminating documents, and the right to the requirement of a level of proof beyond a reasonable doubt.

4. The imposition of punitive damages against MetLife in this case would violate the rights of MetLife under the Due Process Clause of the Fourteenth Amendment to the United States Constitution, the Due Process Clause of Article 1, Section 13 of the Alabama Constitution, and the prohibition against cruel and unusual punishment and excessive fines under the Eighth Amendment to the United States Constitution.

5. Any punitive damages sought against MetLife would be in excess of comparable maximums established for criminal fines by the Alabama legislature in Ala. Code §§ 13A-5-11 and 13A-5-12, jointly and separately.

6. MetLife pleads the constitutional limitations set forth in *BMW of North America v. Gore*, 517 U.S. 559, 116 S. Ct. 1589, 134 L. Ed. 2d 809 (1996), *Cooper Industries, Inc. v. Leatherman Tool Group, Inc.*, 532 U.S. 424 (2001), *State Farm Mutual Insurance Automobile Insurance Co. v. Campbell*, 123 S. Ct. 1513 (Apr. 7, 2003), and *Horton Homes, Inc. v. Brooks*, 2001 WL 1520623 (Ala. Nov. 30, 2001), since determination of the amount or proper circumstances for an award of punitive damages without consideration of these limitations would deny MetLife due process of law in violation of the Fourteenth Amendment to the United States Constitution and in violation of the Alabama Constitution.

7. Subjecting MetLife to punitive damages, or affirming an award of punitive damages against MetLife in this case, would amount to and constitute a denial of due process as afforded by the Due Process Clause of the Fourteenth Amendment to the United States Constitution, and by the Due Process Clause of Article 1, Section 6 of the Alabama Constitution, as a deprivation of property without due process, or standards or criteria of due process, based upon the following grounds and circumstances, separately and severally assigned:

(a) any award of punitive damages against MetLife under the evidence in this case would necessarily be based upon an evidentiary standard no higher or more than a standard of simple negligence, and not upon a standard of proof beyond a reasonable doubt;

(b) there is a lack of reasonable standards necessary to instruct the jury on the propriety and amount of any punitive damages award, and, unless such awards are subject to predetermined limits, such awards cannot pass constitutional muster;

(c) use of the Alabama Pattern Jury Instruction 11.03 or any equivalent in instructing the jury as to the award of punitive damages, and the amount of such an award, does not provide sufficient guidance or standards for the award or amount of punitive damages;

(d) any punitive damages award would not be subject to post trial and appellate review on the basis of suitable and sufficient objective standards and criteria;

(e) the power and authority imposed upon the jury under Alabama law as to the amount of punitive damages awarded under the statutory cap is so relatively unfettered that there is lacking any reasonable or logical standard, uniform criteria, or guidance in the assessment of the amount of the award of punitive damages;

(f) under Alabama law and procedure, there is no objective, logical, or rational relationship between the award, or the amount of the award, of punitive damages and a defendant's alleged wrongful or culpable conduct;

(g) under Alabama law and procedure, there is no objective, logical, or rational relationship between the award, or the amount of the award, of punitive damages and the interests or goals of the State of Alabama referable to the imposition or allowance of punitive damages;

(h) under Alabama law and procedure, there is no objective or rational criteria for the amount of the award of punitive damages as it relates or compares to the assessment of compensatory damages, or amount of compensatory damages;

      (i)    an award of punitive damages may be assessed against MetLife for unauthorized acts of its agent or agents without any additional requirement of knowledge or fault on the part of MetLife;

      (j)    an award of punitive damages may be assessed against MetLife vicariously as a principal without any further proof of independent, wrongful conduct or ratification by MetLife;

      (k)    Alabama procedures, pursuant to which amounts of punitive damages are awarded, permit the imposition of different penalties for the same or similar acts;

      (l)    under Alabama law and procedures governing the award and assessment of punitive damages, there is no objective, logical, or reasonable standard or criteria which governs the award, or the amount of the award, of punitive damages;

      (m)    the procedures pursuant to which punitive damages are awarded fail to provide a reasonable limit on the amount of the award against MetLife;

      (n)    the procedures pursuant to which punitive damages are awarded are unconstitutionally vague;

      (o)    the procedures pursuant to which punitive damages are awarded fail to provide a clear post trial or appellate standard of review for an award of punitive damages;

(p) the procedures pursuant to which punitive damages are awarded may permit the admission of evidence relative to punitive damages in the same proceedings during which liability and compensatory damages are determined; and

(q) an award of punitive damages would constitute an arbitrary and capricious taking of property of MetLife without due process of law.

8. Any imposition of punitive damages in this case against MetLife would contravene the Commerce Clause of the United States Constitution in that such an award would constitute, if imposed, an undue and unreasonable burden on interstate commerce.

9. To award punitive damages against MetLife in this case would have a chilling effect upon its rights to open access to the courts in this State, in violation of the United States Constitution and the Alabama Constitution, separately and severally.

10. Based upon Alabama procedures relative to punitive damages, which provide no objective, logical, or reasonable standards or criteria which govern the award, MetLife is denied equal protection of the laws as guaranteed by the Fourteenth Amendment to the United States Constitution, and Article 1, §§ 1, 6, and 22 of the Alabama Constitution, separately and severally.

11. In the event, and to the extent that, the award of punitive damages, or the amount of the award of punitive damages under Alabama practice and

procedure, is deemed to be governed by § 6-11-20, Ala. Code 1975, then, and to that extent, said section violates the Alabama Constitution and the United States Constitution, separately and severally, based upon the grounds enumerated and set forth in the foregoing paragraphs.

12.   Any demand for punitive damages in the instant case would be subject to those limitations established by the Alabama Legislature and set forth in § 6-11-21, Code of Alabama, as amended in 1999 (Act. No. 99-358). MetLife adopts by reference the defenses, criteria, limitations and standards mandated by this Alabama statute.

13.   The Alabama Supreme Court's action in abolishing the legislatively created cap on punitive damages was unconstitutional. Under the Constitutions of the United States and the State of Alabama, the Alabama Supreme Court cannot abolish the cap created by the legislature as to punitive damages. *See Honda Motor Company, Ltd. v. Oberg*, 512 U.S. 415, 431 n.9, 114 S. Ct. 2331, 129 L. Ed. 2d 336 (1994).

14.   MetLife adopts the terms of any applicable legislative act or Alabama or United States Supreme Court decision which now or hereafter precludes punitive damages or limits the amount of punitive damages which can be recovered in an action at law in Alabama.

## FOURTEENTH DEFENSE

At the time of filing this Answer, discovery has not begun. MetLife reserves the right to amend its Answer with such other and further defenses as may be warranted based on information learned through discovery.

s/James S. Christie, Jr.
James S. Christie, Jr. (CHR011)
Bradley Arant Rose & White LLP
1819 Fifth Avenue North
Birmingham, AL 35203-2119
Telephone: (205) 521-8000
Facsimile: (205) 521-8800
jchristie@bradleyarant.com

Attorney for Defendant
Metropolitan Life Insurance Company

## **CERTIFICATE OF SERVICE**

 I hereby certify that on August 25, 2006, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to the following:

 Mickey J.G. McDermott, Esq.
 P.O. Box 919
 Hayneville, AL  36040
 Telephone Phone:  264-6466
 Business Main Street Fax:  263-7782
 Business Main Street Phone:  264-6466
 mk_mcdrm@bellsouth.net
 Attorney for Plaintiff

and that I have mailed by United States Postal Service the document to the following non-CM/ECF participants:

 None.

           s/James S. Christie, Jr.
          James S. Christie, Jr. (CHR011)
           Attorney for Defendants